## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

LIBERTY MUTUAL PERSONAL    :
INSURANCE COMPANY    :
175 Berkeley Street    :
Boston, MA 02116,    :
    :
    Plaintiff,    :    Case No.
    :
    v.    :    Judge
    :
PHILADELPHIA INDEMNITY    :
INSURANCE COMPANY    :
c/o Statutory Agent    :
CT Corporation System    :
4400 Easton Commons Way #125    :
Columbus, OH 43219    :
    :
    Defendant.    :

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes Plaintiff Liberty Mutual Personal Insurance Company ("Liberty") by and through counsel, and brings the following Complaint for Declaratory Judgment against Defendant Philadelphia Indemnity Insurance Company ("Philadelphia").

By way of introduction, Liberty issued a personal automobile policy ("the Liberty Policy") to Tayniesha S. Minor ("Minor"). Minor, an employee of The McGregor Foundation ("McGregor"), was involved in a motor vehicle accident while in the course and scope of her employment. McGregor held a commercial policy with Philadelphia ("the Philadelphia Policy"). *See* Exhibit A, the Liberty Policy, and Exhibit B, the Philadelphia Policy, generally. Minor has been named as a defendant in *Shawn Stephens v. Tayniesha Minor et al.*, Cuyahoga Common Pleas Case No. CV22969350 ("the Underlying Lawsuit").

Liberty files this Complaint for Declaratory Action seeking declarations that: (1) the Liberty Policy and the Philadelphia Policy are both excess pursuant to their language; (2)

pursuant to *Buckeye Union Ins. Co. v. State Auto Mut. Ins. Co.*, 361 N.E.2d 1052 (Ohio 1977), where two policies apply as excess coverage, there is no primary coverage and the policies provide *pro rata* coverage; and (3) pursuant to a *pro rata* application of coverage, Liberty will be responsible for 1/41th (2.44%) of any judgment against Minor in the Underlying Lawsuit.

### The Parties and Jurisdiction

1.     Liberty Mutual Personal Insurance Company ("Liberty") is a corporation organized under laws of the State of New Hampshire with its principal place of business at 175 Berkeley Street, Boston, Massachusetts.

2.     Philadelphia Indemnity Insurance Company ("Philadelphia") is a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business at One Bala Plaza, Suite 100, Bala Cynwyd, PA 19004.

3.     This Court has personal jurisdiction over Philadelphia pursuant to R.C. 2307.382(A)(9) where Philadelphia contracted to insure The McGregor Foundation ("McGregor") in Ohio.

4.     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1332, for the amount in controversy in this action exceeds the sum of $75,000, exclusive of costs and interest, and this action is between citizens of different states.

5.     This Court has the power to grant the relief sought in this action pursuant to 28 U.S.C. §2201.

### Factual Background -- The Underlying Complaint

6.     On September 28, 2022, Shawn Stephens ("Stephens") filed a Complaint in the Cuyahoga Court of Common Pleas against Tayniesha S. Minor ("Minor"). A copy of the complaint therein ("the Underlying Complaint") is attached as Exhibit C.

7.      The Underlying Complaint alleges that Minor, acting in the course and scope of her employment for McGregor, caused a motor vehicle accident when her vehicle collided with Stephens' vehicle on December 5, 2020. *See* Exhibit C at ¶¶2, 7.

8.      As a result of the motor vehicle accident, Stephens claimed bodily injury, medical expenses and lost wages. *Id.* at ¶3.

9.      Based upon these allegations, Stephens seeks compensatory damages in the Underlying Complaint against Minor for negligence, and against McGregor for vicarious liability and negligent hiring, training, retention, "and any other employment-related actions pertaining to their employees or agents, including [Minor.]" *Id.* at ¶7.

### Factual Background –The Philadelphia Policy

10.     Philadelphia issued a commercial lines policy to McGregor bearing policy number PHPK2138759 ("the Philadelphia Policy").

11.     A copy of the Philadelphia Policy, which has been Bates-labeled for identification purposes only, is attached as Exhibit B.

12.     The Philadelphia Policy was in effect for a policy period of June 1, 2020 to June 1, 2021. *See* Exhibit B, generally.

13.     McGregor is the named insured on the Philadelphia Policy. *Id.*

14.     At the time of the motor vehicle accident cited in the Underlying Complaint, Minor was an employee of McGregor and was acting in the course and scope of her employment. *See* Exhibit C at ¶7.

15.     At the time of the motor vehicle accident cited in the Underlying Complaint, Minor was driving her personal vehicle, a 2012 Nissan Murano. *See* Police Report, attached as Exhibit D at p. 1 and Exhibit A at LIB 000001.

16.     The Philadelphia Policy provides Liability Coverage in pertinent part as follows:

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

*See* Exhibit B at LIB 000113.

17.     The     Philadelphia     Policy     defines     "insured"     as     the     following:

**1. Who Is An Insured**

The following are "insureds":

a. You for any covered "auto".

b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

(1) The owner or anyone else from whom you hire or borrow a covered "auto".

This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

4

(2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

(3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

(4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

(5) A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

*See* Exhibit B at LIB 000113.

      18.    The Philadelphia Policy has the following language regarding Other Insurance:

**5. Other Insurance**

a. For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Covered Autos Liability Coverage this Coverage Form provides for the "trailer" is:

(1) Excess while it is connected to a motor vehicle you do not own; or

(2) Primary while it is connected to a covered "auto" you own.

b. For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

c. Regardless of the provisions of Paragraph a. above, this Coverage Form's Covered Autos Liability Coverage is primary for any liability assumed under an "insured contract".

d. When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

*See* Exhibit B at LIB 000120.

19.     Pursuant to section (a) of the Other Insurance provision, the Philadelphia Policy is excess "while it is connected to a motor vehicle [McGregor does] not own." *Id.*

20.     McGregor does not own the 2012 Nissan Murano Minor was driving at the time of the motor vehicle accident cited in the Underlying Complaint. *See* Exhibit D at p. 1.

21.     The Philadelphia Policy has a single limit for bodily injury claims of $1 million. *See* Exhibit B at LIB 000127.

## Factual Background – The Liberty Policy

22.     Liberty issued a personal automobile policy to Minor bearing policy number AOV28147043270 ("the Liberty Policy").

23.     A certified copy of the Liberty Policy, which has been Bates-labeled for identification purposes only, is attached as Exhibit A.

24.     The Liberty Policy was in effect for a policy period of January 26, 2020 to January 26, 2021. *See* Exhibit A, generally.

25.     Minor is the named insured on the Liberty Policy. *Id.*

26.     At the time of the motor vehicle accident cited in the Underlying Complaint, Minor was driving her personal vehicle, a 2012 Nissan Murano. *See* Exhibit D at p. 1 and Exhibit A at LIB 000001.

27.     The 2012 Nissan Murano was a covered vehicle under the Liberty Policy.

28.    The Liberty Policy provides Liability Coverage in pertinent part as follows:

> A. We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the "insured". We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted by payment of judgments or settlements. We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.

*See* Exhibit A at LIB 000009.

29.    The Liberty Policy defines "insured" as follows:

> B. "Insured" as used in this Part means:
> 1. You or any "family member" for the ownership, maintenance or use of any auto or "trailer".
> 2. Any person using "your covered auto".
> 3. For "your covered auto", any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.

*See* Exhibit A at LIB 000009.

30.    The Liberty Policy has the following language regarding Other Insurance pursuant to an Automobile Amendatory Endorsement:

> **OTHER INSURANCE**
> If there is other applicable liability insurance available any insurance we provide shall be excess over any other applicable liability insurance. If more than one policy applies on an excess basis, we will bear our proportionate share with other collectible liability insurance.

*See* Exhibit A at LIB 000024.

31.     The Philadelphia Policy constitutes "other applicable liability insurance available" pursuant to the Liberty Policy Automobile Amendatory Endorsement. *Id.*

32.     Where there is "other applicable liability insurance available," the Liberty Policy is excess. *Id.*

33.     The Liberty Policy has bodily injury coverage limits of $25,000 per person and $50,000 per occurrence. *See* Exhibit A at LIB 000003.

## Count I – Declaratory Judgment

34.     Liberty incorporates by reference the allegations of Paragraphs 1 through 31 as if fully re-written herein.

35.     An actual controversy exists as the priority of the Philadelphia Policy and the Liberty Policy as to any judgment in the Underlying Lawsuit against Minor, and more specifically, regarding whether the Philadelphia Policy and the Liberty Policy both provide excess coverage.

36.     An actual controversy exists regarding whether the Philadelphia Policy and the Liberty Policy both provide *pro rata* coverage because they are both excess.

37.     Because McGregor did not own the car Minor was driving in the accident giving rise to the Underlying Lawsuit, and because Minor was in the course and scope of her employment with McGregor at the time of the accident, the Philadelphia Policy provides excess coverage for any judgment against Minor.

38.     Because there is liability coverage available to Minor through a policy other than the Liberty Policy – more specifically, the Philadelphia Policy – the Liberty Policy also provides excess coverage for any judgment against Minor.

39.     Combined, the Philadelphia Policy and the Liberty Policy provide $1,025,000 in available liability coverage.

40.     Because both policies apply as excess coverage, any judgment against Minor will be paid in a *pro rata* manner up to $1,025,000.

41.     Under a *pro rata* application of coverage, Liberty will be responsible for 1/41th (2.44%) of any judgment in the Underlying Lawsuit, because the $25,000 per person limit of the Liberty Policy is 1/41th (2.44%) of the $1,025,000 in total available coverage.

42.     Under a *pro rata* application of coverage, Philadelphia will be responsible for 40/41ths (97.5%) of any judgment in the Underlying Lawsuit, because the $1 million total limit of the Philadelphia Policy is 40/41ths (97.5%) of the $1,025,000 in total available coverage.

43.     Pursuant to 28 U.S.C. §2201, and for the foregoing reasons, Liberty seeks a declaration that Philadelphia Policy and the Liberty Policy both apply as excess coverage, and therefore provide *pro rata* coverage, up to a $1,025,000 judgment against Minor.

44.      Pursuant to 28 U.S.C. §2201, and for the foregoing reasons, Liberty seeks a declaration it will be responsible for 1/41th (2.44%) of any judgment against Minor in the Underlying Lawsuit, up to $25,000 from Liberty and a total judgment of $1,025,000.

**WHEREFORE**, Plaintiff Liberty Mutual Insurance Company and prays for the following relief from this Court:

(1)     A Declaration that the Philadelphia Policy and the Liberty Policy both apply as excess coverage and therefore provide *pro rata* coverage;

(2)     A Declaration that Liberty is responsible for 1/41th (2.44%) of any judgment in the Underlying Lawsuit against Minor, up to $25,000 from Liberty toward a total judgment of $1,025,000;

(3)     Any other relief the Court deems appropriate.

Respectfully submitted,

/s/ William M. Harter
William M. Harter (0072874)
Kaitlin L. Madigan (0087891)
FROST BROWN TODD LLP
10 West Broad Street, Suite 2300
Columbus, OH 43215
(614) 464-1211 (phone) / (614) 464-1737 (fax)
wharter@fbtlaw.com
kmadigan@fbtlaw.com

*Attorneys for Liberty Mutual Personal Insurance
Company*

## CERTIFICATE OF SERVICE

On this 1st day of March, 2023, a true and accurate copy of the foregoing was filed with

the Court and served via certified mail upon the following:

Philadelphia Indemnity
Insurance Company
c/o Statutory Agent
CT Corporation System
4400 Easton Commons Way #125
Columbus, OH 43219

/s/ William M. Harter
William M. Harter (0072874)

0000T69.0764132  4872-2673-2627v1